People *ex rel.* Seery agt. Police Commissioners.

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* MICHAEL
SEERY agt. THE BOARD OF POLICE COMMISSIONERS OF THE
TROY CITY POLICE.

*Board of police commissioners of the city of Troy — Power to remove members
of the force — how and when may be removed.*

Under the act to establish and maintain a police force in the city of Troy
(*Laws of* 1870, *chapter* 520, *sec.* 1), no member of said force can be
removed except upon *"written charges"* and a *public hearing and
examination* by the board of commissioners after due notice.

Where a member, upon no specific charges, though asking for a copy of
charges against him, and for time to procure testimony, "was sum-
marily dismissed" by the board of police commissioners, on oral charges
for neglect of duty, and inefficiency in the discharge thereof,   *   *   *
on oral reports touching said neglect of duty and inefficiency, made by
the superintendent and captains of the police force to said board:

*Held,* that the action of the board of police commissioners, in removing
such member, was illegal, and must be reversed.

Nor is such removal legal and valid under the act of 1876 (*Laws of* 1876,
*chap.* 30, *sec.* 7), which act is amendatory of that of 1870. Under the
provisions of this act there must be a *trial.*

After-occurring events cannot legitimately be made a part of a return to
a *certiorari* brought to review certain determinations and conclusions of
a board of police commissioners as to the dismissal of a member of the
police force. The return should only set out the proceedings sought to
be reviewed. Any statement by the commissioners, as to what the
relator did after his pretended removal, has nothing to do with the
question sought to be reviewed.

*Albany Special Term, August,* 1878.

COMMON law *certiorari* to review the proceedings of the
board of police commissioners of the city of Troy, in remov-
ing the relator from the police force of said city.

*Henry A. Merritt*, for the relator.

*R. A. Parmenter*, for the respondents.

WESTBROOK, *J.* — In August, 1874, the relator, Michael Seery, was regularly appointed a patrolman upon the police force of the city of Troy. On the 23d day of May, 1876, upon no specific charges, the relator, though asking for a copy of charges against him and for time to procure testimony, " was summarily " dismissed " on oral charges, for neglect of duty and inefficiency in the discharge thereof * * * on oral reports touching said neglect of duty and inefficiency, made by the superintendent of the police force, and captains of police force to said board." "No witnesses were sworn on said trial or investigation, nor were said oral charges controverted or disproved except by his oral denial thereof." This dismissal, the relator claims, was illegal, and seeks to reverse upon this proceeding, which is by a common law *certiorari.*

Section 11, of chapter 520 of Laws of 1870, entitled "An act to establish and maintain a police force in the city of Troy," contains, among others, the following provision : "All officers and members of the police department, subject to removal for cause as hereinafter specified, shall hold their offices during good behavior, or as each shall well and faithfully observe and execute all the rules and regulations of the said board, the laws of the state and the ordinances of the city of Troy. Any member of said force may be removed from his office only after written charges shall have been preferred against him, according to the rules and regulations of said board, and the same shall have been publicly heard and examined by said board after the notice to him, thereof, by said board, in manner to be prescribed by said rules and regulations."

There is some question whether the regulations of the board, which were in fact made, are before the court upon this pro-

ceeding. Their introduction, however, is entirely unnecessary to show the illegality of the removal of the relator, so far as the same depends upon the sections of the statute we have quoted. That law plainly requires "*written charges*," and a *public hearing and examination* by the board after due notice. Confessedly the charges were oral, and "oral reports" to the board, which the relator and the public never heard, which the board assumed to be true by requiring the relator to disprove them, and because, by a refusal of time to procure evidence, he was only able to deny them by his own statement, a summary dismissal was made, was so clearly a departure from the statute law as to need no argument.

It is claimed, however, by the respondents, that, under section 7 of chapter 30, of the Laws of 1876, the removal was legal and valid. The act of 1876 is amendatory of that of 1870, and its seventh section amends section 22 of the latter act, by adding thereto these words : "But nothing in this act contained shall be so construed as to prevent the said board of police commissioners from summarily arraigning and trying any member of said police force, or clerk, surgeon or detective under said board of police commissioners for insubordination, disobedience of orders, rules or regulations, or neglect of duty, or for intoxication or misbehavior while on duty. The charge shall be stated to said delinquent, either orally or in writing, and, if on investigation the charge shall, in the opinion of said board of police commissioners, or a majority of them, be sustained, the said board shall have power, and it shall be their duty, to dismiss such person from · service, and to appoint another person in his stead, any thing in the act to which this act is an amendment to the contrary notwithstanding."

It must be observed that the amendment speaks of "summarily arraigning and *trying* any member of said police force * * * for *insubordination, disobedience* of orders, rules or regulations, or *neglect of duty*, or for *intoxication* or *misbehavior while on duty*." Oral reports unheard by the

accused, an assumption of their truth in advance of a hearing, and a call upon the relator on the spot and instant to disprove unspecified general charges, followed by an immediate dismissal, because the relator could not do an impossibility, may be a summary proceeding, but no man can call it a *trial*, and such it must be, if the action of the board can be sustained. It is somewhat questionable whether a general charge of " *neglect of duty and inefficiency in the discharge thereof*" is covered by this amendment, but, assuming that it is, it is also very clear that there has been no trial as is plainly required.

It is further answered by the respondents that the relator has acquiesced in the decision, and that his place is now filled. Granting the truth of the return in this respect, it is not seen how after-occurring events can legitimately be made a part of such return. The *certiorari* is brought to review a certain determination and conclusions of the board, and the return should only set out the proceedings sought to be reviewed. If, after the decision of the board was made, the relator has acquiesced in such removal (the only evidence of acquiescence is the delay of nearly two years in bringing this proceeding), such acquiescence must be set up as a defense to a future proceeding by the relator for his pay. It can form no defense here, and the return of the respondents is no evidence upon that question, because they have only been required to return their own official action. Any statement by them as to what the relator did after his pretended removal, has nothing to do with the question sought to be reviewed. These declarations in regard to the after-occurring conduct of the relator, is no higher evidence thereof than the certificate of any other party. The writ was obtained within the time prescribed by law, and full force and efficacy should be given to it.

The action of the board of police commissioners in removing the relator was illegal, and must be reversed.